# NO. 12-08-00454-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bobby Johnson appeals his conviction for aggravated assault of a public servant with a deadly weapon. In two issues, Appellant argues that the evidence is legally and factually insufficient to support the jury's verdict because no witness identified him as the person who committed the assault. We affirm.

## BACKGROUND

Appellant, an inmate in the Hodge Unit of the Texas Department of Criminal Justice, fashioned a homemade knife out of a disposable razor. He then attacked correctional officer Helen Mayfield by coming behind her and scraping the homemade knife down her neck. Mayfield suffered a superficial laceration to her neck from the incident. Several correctional officers then subdued Appellant.

A Cherokee County grand jury indicted Appellant for the offenses of aggravated assault of a public servant with a deadly weapon and possession of a deadly weapon in a penal institution. At trial, the State proceeded only on the aggravated assault of a public servant with a deadly weapon charge. Appellant pleaded not guilty. The jury found Appellant guilty as charged and assessed punishment at imprisonment for thirty-seven years. The trial court imposed that

1

sentence, and this appeal followed.

SUFFICIENCY OF THE EVIDENCE

In two issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction. Specifically, Appellant argues that no witness identified him as the person who committed the assault.

<u>**Standard of Review**</u>

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See **Jackson v. Virginia***, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); ***Ross v. State***, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); ***Willis v. State***, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

We review the factual sufficiency of the evidence without the light most favorable to the verdict, and we determine whether, considering all the evidence in a neutral light, (1) the evidence supporting the conviction is too weak to withstand scrutiny, so the fact finder's determination is clearly wrong and manifestly unjust, or (2) the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust. *See **Grotti v. State***, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); ***Watson v. State***, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. ***Grotti***, 272 S.W.3d at 283. A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." ***Jones v. State***, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

Under either standard, our role is that of appellate review, and the fact finder is the judge of the weight and credibility of a witness's testimony. ***Wesbrook v. State***, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Thus, the fact finder

2

determines the weight to be given testimony and resolves any conflicts in the evidence. ***Wesbrook***, 29 S.W.3d at 111. With respect to our factual sufficiency review, we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict. *See **Clewis v. State***, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). But our evaluation should not substantially intrude upon the jury's role as the judge of the weight and credibility of witness testimony. ***Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

As relevant here, the State was required to prove that 1) Appellant intentionally, knowingly, or recklessly caused bodily injury to Mayfield, 2) Appellant knew that Mayfield was a public servant, 3) Mayfield was lawfully discharging an official duty at the time of the assault, and 4) Appellant used or exhibited a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a), (b)(2)(B) (Vernon Supp. 2009).

## Analysis

Appellant argues that the evidence is legally and factually insufficient to show that he is the person who assaulted the correctional officer with a knife. The State contends that Appellant has failed to preserve this argument because he did not raise this issue in a motion for directed verdict or in his motion for new trial. *See* TEX. R. APP. P. 33.1; ***Miller v. State***, 667 S.W.2d 773, 774 (Tex. Crim. App. 1984).

The State must prove, beyond a reasonable doubt, that the defendant on trial is the person who committed the offense alleged in the indictment or information. *See **Miller***, 667 S.W.2d at 775. The ***Miller*** decision does not require that the issue of identity be raised in any way other than a plea of "not guilty." *See also **Lee v. State***, No. 12-05-00359-CR, 2007 Tex. App. LEXIS 977, at *22 (Tex. App.–Tyler Feb. 9, 2007, no pet.) (mem. op., not designated for publication). Instead, ***Miller*** stands for the proposition that there must be an objection when the in-court identification is imprecise enough that the witnesses may be identifying someone other than the defendant. *See **Miller***, 667 S.W.2d at 775–76 (citing ***Rohlfing v. State***, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981)). Appellant did not object to the procedure used to identify him in court. Therefore, to the extent that Appellant is arguing that some other person in the courtroom was identified as the perpetrator, his failure to object to the procedure means that this complaint is not preserved for our review.

With respect to the remainder of Appellant's argument, we hold that there was sufficient evidence for the jury to conclude that Appellant committed the offense. Identity

3

may be proven by direct or circumstantial evidence. *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.–Texarkana 2008, no pet.). While direct in-court identification is the preferred procedure, that type of identification is not required where the circumstances do not indicate the likelihood of confusion. *Id*. A defendant has been sufficiently identified if we can conclude "from a totality of the circumstances [that] the jury was adequately apprised that the witnesses were referring to appellant." *Id*. Where an in-court identification is incomplete, we need not presume that the jury chose "willfully to convict [Appellant] without evidence" that Appellant was the perpetrator of the offense. *Rohlfing*, 612 S.W.2d at 601.

Several witnesses identified Appellant as the person who assaulted Mayfield. Timothy Bledsoe, another inmate in the Hodge Unit, testified that his cell was next to Appellant's. He identified "inmate Bobby" as wearing tan pants, and the trial court acknowledged that Bledsoe had identified Appellant. Responding to the prosecutor's questioning, Bledsoe then testified that he observed "Johnson" assault Mayfield. Appellant argues that "inmate Bobby" and "Johnson" are two different people. However, a reading of all of Bledsoe's testimony makes clear that the references are to the same person. First, the two references, one to "inmate Bobby" and the other to "Johnson," came one right after the other—they are recorded on the same page of the record. Contextually, and with no transitions between the questions being asked, it is not difficult to discern that the witness was talking about the same person.

Later in his testimony, Bledsoe is more specific when he references a statement that he gave where he said, "Bobby came out of J-112 and went up to her." He then testified that another inmate was chasing "Bobby" around in the dayroom where the attack occurred. Finally, Bledsoe testified that "Bobby Johnson stated—throwing cosmetic up under my door for his cell and I asked him if he was going on change and he said something is going down. I'm going to take care of some business." Officer John Riggle, a criminal investigator for the Office of the Inspector General, later testified that Bobby Johnson was in cell 112.

Additionally, correctional officer Delanger Foreman testified that the person who attacked Mayfield was in the court room and was wearing tan khaki pants and striped shirt. The State did not ask the trial court to acknowledge that Foreman identified Appellant. Similarly, Mayfield identified her attacker as wearing a brown shirt and khaki pants.[1] Again, the State did not ask the

---

[1] Mayfield's description of the clothing worn by Appellant is slightly different from the description given by Foreman. Because they testified on different days, their varying descriptions of Appellant's clothes do not suggest

4

trial court to acknowledge that Mayfield identified Appellant. Finally, in her closing statement, Appellant's counsel conceded that it had not been disputed that "Bobby Johnson came up and nicked her on the neck."

Based on our review of the record, we conclude that the jury could have determined beyond a reasonable doubt that Appellant was the person who committed the aggravated assault on a public servant, Mayfield, with a deadly weapon as charged in the indictment. Numerous witnesses identified him as the perpetrator, and a reasonable reading of the record leads to the conclusion that the witnesses were referring to Appellant in their testimony about the assault on Mayfield. Thus, we hold that the evidence is legally sufficient to support the verdict. *See Willis*, 192 S.W.3d at 592. We overrule Appellant's first issue.

As to Appellant's factual sufficiency challenge, we hold that, when viewing the evidence in a neutral light, the verdict is neither clearly wrong nor is it against the great weight and preponderance of the evidence. Appellant takes issue with each of the witnesses who testified that "Bobby Johnson" or "Bobby" assaulted Mayfield. He further argues that each of the identifications in court was faulty or lacking.

We agree that the identification procedure employed by the State in this case could have been better executed. In our review of the factual sufficiency of the evidence, however, we look at the totality of the evidence. Furthermore, in cases with issues relating to the in-court identification of a defendant, we do not assume that the jury chose to convict a defendant when another person was identified as the perpetrator. *See Rohlfing*, 612 S.W.2d at 601.

After reviewing all of the evidence, including the multiple in-court identifications coupled with the testimony from several witnesses that "Bobby" was the one who assaulted Mayfield, we conclude that the jury's determination that Appellant was the perpetrator of the assault is supported by the record. There was not another individual identified by any witness, and the descriptions and identifications of each witness, when viewed in context and together, lead to the conclusion that it was Appellant who was identified as the perpetrator. Despite the shortfalls identified by Appellant, the jury's conclusion is not too weak to withstand scrutiny nor is it outweighed by contrary evidence. In fact, there was no evidence contradicting the central thrust of the State's evidence, that being that Appellant committed this offense, and the jury's conclusion is neither clearly wrong nor does it represent a manifest injustice. We hold that the evidence is

that they identified different individuals.

5

factually sufficient to support the verdict, and we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6